In re Petition for **DISCIPLINARY AC-
TION AGAINST Richard N. INDRITZ,
an Attorney at Law of the State of
Minnesota.**

No. C7–99–1627.

Supreme Court of Minnesota.

Feb. 29, 2000.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Richard N. Indritz has committed professional misconduct warranting public discipline, namely, respondent neglected two client matters, failed to appear at a hearing regarding a motion to compel discovery, practiced law while suspended on two separate occasions for failure to pay his attorney registration fee, failed to cooperate with the Director's investigation and made misrepresentations to the Director, in violation of Rules 1.1, 1.3, 1.4, 1.15(b)(4), 3.2, 3.3(a), 3.4(d), 4.1, 5.5(a), 8.1(a) and 8.4(c) and (d), Minnesota Rules of Professional Conduct.

Respondent withdraws his answer and admits the allegations of the petition, except those stated in paragraph 6, which the Director has withdrawn along with the related Rule violations alleged in paragraph 7. Respondent waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 6–month suspension from the practice of law from the date of this order, followed by 2 years of supervised probation subject to the following conditions:

1. The reinstatement hearing provided for in Rule 18(a) through (d), RLPR is waived.

2. Respondent shall undergo psychological counseling and attend a minimum of twelve individual counseling or psychiatric sessions during the period from February 1, 2000 through the end of his suspension.

3. Respondent shall regularly attend meetings of a support group for lawyers suffering from depression.

4. Respondent shall pass the professional responsibility portion of the state bar examination within one year of the date of this Court's order.

5. Respondent shall comply with the client notification requirements of Rule 26, RLPR.

6. Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.

7. Respondent shall be reinstated to the practice of law following the expiration of his suspension provided that respondent files, no earlier than 15 days before the expiration of the suspension period, an affidavit with the Clerk of Appellate Courts and the Director's office establishing that:

   a. Respondent has complied with the counseling requirements stated above including the dates of the counseling

sessions and the identity of the doctor or other mental health professional conducting the sessions. In support of his affidavit, respondent shall attach an affidavit from his treating doctor or other mental health professional reciting respondent's course of treatment, stating whether respondent's psychological problems are likely to recur, stating whether respondent is psychologically fit to practice law, and recommending any necessary additional treatment;

b. Respondent has regularly attended meetings of a depression support group, including his dates of attendance; and

c. Respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all conditions imposed by the Court.

8. Upon respondent's reinstatement to the practice of law, respondent shall be placed on supervised probation for a period of 2 years, subject to the following terms:

a. During his probation, respondent shall be prohibited from engaging in the solo practice of law or assuming sole responsibility for the representation of clients. Respondent may work as an employee or associate of a licensed attorney, as an independent contractor for one or more attorneys, as an employee of a governmental agency or governmental entity or as in-house counsel, provided he is supervised by another attorney;

b. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's re-

quest, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

c. Respondent shall abide by the Minnesota Rules of Professional Conduct;

d. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of the Court's reinstatement order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active files described in paragraph (e) below. Respondent shall make active client files available to the Director upon request;

e. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with his probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active files or matters by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the name of the attorney with primary responsibility for representing the client, the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at more frequent intervals as the Director may reasonably request;

f. Respondent shall initiate and maintain office procedures which ensure that he promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis; and

g. Respondent shall continue any treatment or programs recommended by his treating doctor or mental health professional, as may be described in the affidavit submitted by that professional prior to respondent's reinstatement.

This court has independently reviewed the file and approves the jointly-recommended disposition.

IT IS HEREBY ORDERED that respondent Richard N. Indritz is suspended from the practice of law for 6 months effective from the date of this order and placed on supervised probation for 2 years following completion of the suspension subject to conditions. Respondent shall pay $900 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

BY THE COURT:
Alan C. Page
Alan C. Page
Associate Justice